UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND
---------------------------------------------------------------
JULIE A. SU, ACTING SECRETARY OF LABOR,   :
UNITED STATES DEPARTMENT OF LABOR,        :       Civil Action No. 24-60
                                           :
            Plaintiff,                     :
                                           :
        v.                                 :
                                           :
JONES DYKSTRA AND ASSOCIATES, INC.;        :
KEITH J. JONES; BRIAN E. DYKSTRA; and the  :
JONES DYKSTRA AND ASSOCIATES, INC.         :
401(K) PROFIT SHARING PLAN,                :
                                           :
            Defendant(s).                  :
---------------------------------------------------------------
                                           :

# COMPLAINT

Plaintiff Julie A. Su, Acting Secretary of Labor, United States Department of Labor (the "Acting Secretary"), alleges as follows:

## PRELIMINARY STATEMENT

1.  The Acting Secretary brings this action under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1001, *et seq.*, against Jones Dykstra and Associates, Inc. (the "Company"), Keith J. Jones, and Brian E. Dykstra (along with the Company and Jones, the "Fiduciary Defendants") to enjoin acts and practices which violate the provisions of Title I of ERISA, to obtain appropriate relief for breaches of fiduciary duty under ERISA § 409, 29 U.S.C. § 1109, seeking restitution and other appropriate relief for harms suffered by the Jones Dykstra and Associates, Inc. 401(k) Profit Sharing Plan (the "Plan"), and to enforce the provisions of Title I of ERISA.

2.  From approximately 2016 through 2021, Fiduciary Defendants consistently withheld employee contributions from employee paychecks for the stated purpose of remitting

1

this money to employees' Plan accounts.  Fiduciary Defendants, however, did not remit all employee contributions to the Plan, instead allowing the money to remain unsegregated in the Company's general operating account. During this same time period, Fiduciary Defendants also failed to ensure that all employer matching contributions for employees were made to the Plan. Fiduciary Defendants also have failed to process requests for participant distributions from the Plan.

3. By the actions and omissions specified above, Fiduciary Defendants breached their duties of exclusive purpose, prudence, and loyalty, caused the Plan to enter into non-exempt prohibited transactions, and engaged in self-dealing.

4. Fiduciary Defendants each had reason to know of the others' violations, but they did nothing to remedy them.

5. Because of these breaches, the Plan and its participants and beneficiaries have suffered significant losses, including lost opportunity costs, for which Fiduciary Defendants are responsible.

**JURISDICTION AND VENUE**

6. The Acting Secretary brings this action under ERISA §§ 502(a)(2) and 502(a)(5), 29 U.S.C. §§ 1132(a)(2) and 1132(a)(5), to redress violations and enforce Title I of ERISA.

7. This Court has subject matter jurisdiction over this action under ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1), and general federal question jurisdiction, 28 U.S.C. § 1331.

8. Venue with respect to this action lies in the United States District Court for the District of Maryland under ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), because defendants are all located within this district, the Plan was administered within this district, and the fiduciary breaches at issue in this complaint occurred within this district.

## PARTIES

9. Plaintiff the Acting Secretary has authority to enforce Title I of ERISA by, among other things, filing and prosecuting claims against fiduciaries who breach their duties under Title I of ERISA. 29 U.S.C. §§ 1132(a)(2), (5).

10. During the relevant time period, defendant the Company was the sponsor of the Plan and the Plan's administrator. As Plan administrator, the Company was a fiduciary to the Plan under 29 C.F.R. § 2509.75-8, D-3.

11. During the relevant time period, the Company also had discretionary authority to administer and manage the Plan, and the Company is thus a fiduciary to the Plan under ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A).

12. The Company was also a party in interest to the Plan during the relevant time period under ERISA §§ 3(14)(A) and (C), 29 U.S.C. §§ 1002(14)(A) and (C), because it was a fiduciary to the Plan, and because it was the employer of participants in the Plan.

13. During the relevant time period, defendant Jones was co-owner of the Company and a trustee of the Plan. As a Plan trustee, Jones was also a fiduciary to the Plan under 29 C.F.R. § 2509.75-8, D-3.

14. During the relevant time period, Jones also exercised authority or control regarding management or disposition of Plan assets and had discretionary authority or responsibility over Plan administration. Jones is also therefore a Plan fiduciary under ERISA § 3(21)(A). 29 U.S.C. § 1002(21)(A).

15. During the relevant time period, defendant Dykstra was was co-owner and chief executive officer of the Company and a trustee of the Plan. As a trustee, Dykstra is also a fiduciary to the Plan under 29 C.F.R. § 2509.75-8, D-3.

16. During the relevant time period, Dykstra also exercised authority or control respecting management or disposition of Plan assets and had discretionary authority or responsibility over Plan administration. Dykstra is also therefore a Plan fiduciary under ERISA § 3(21)(A). 29 U.S.C. § 1002(21)(A).

17. During the relevant time period, the Plan was an employee benefit plan within the meaning of ERISA §§ 3(2) and (3), 29 U.S.C. §§ 1002(2) and (3). The Plan is joined as a defendant pursuant to Rule 19 of the Federal Rules of Civil Procedure solely to ensure that complete relief can be granted.

## FACTUAL ALLEGATIONS

18. The Company was founded in January 2007 and was headquartered in Elkridge, Maryland.

19. The Company provided computer forensics, electronic evidence discovery, litigation support, and commercial security training to commercial and government clients.

20. The Company established the Plan effective on January 1, 2011.

21. The Plan was funded by employer contributions and mandatory employer matches.

**Defendants Have Failed to Remit All Employee Contributions to the Plan**

22. During the relevant time period, Fiduciary Defendants regularly deducted employee contributions to the Plan from employees' pay.

23. Beginning in or around 2016, Fiduciary Defendants stopped promptly and consistently remitting all employee contributions to the Plan, although they continued to withhold contributions from employee pay.

24. To date, Fiduciary Defendants have failed to remit these employee contributions

withheld during the relevant period.

25. These unremitted employee contributions were allowed to commingle with the Company's assets. This benefited the Company, as well as Jones and Dykstra, as co-owners of the Company.

**Defendants Failed to Remit All Employer Contributions**

26. During the relevant time period, Section 4.02 of the Plan's governing document stated that the Company shall make a matching contribution to the Plan for each contributing employee.

27. Not all of the mandatory employer contributions were made, but Fiduciary Defendants took no action to ensure that all owed employer matching contributions during the relevant time period were collected and paid to the Plan. The Company remained in business as going concern until at least 2022, and so such action would not have been futile.

**Defendants Have Failed to Administer the Plan**

28. During the relevant time period, Fiduciary Defendants failed to honor requests for distributions by participants.

**FIRST CLAIM FOR RELIEF**
**(Breaches of the Exclusive Purpose Requirement)**

29. Pursuant to Rule 10(c) of the Federal Rules of Civil Procedure, the Acting Secretary adopts and incorporates by reference the allegations in all prior paragraphs.

30. ERISA § 403(c)(1) requires plan assets to be held only for the exclusive purposes of providing benefits to plan participants and defraying reasonable plan administration expenses. It expressly forbids plan assets inuring to any employer's benefit. 29 U.S.C. § 1103(c)(1).

31. Withheld employee contributions became Plan assets as soon they could have reasonably been segregated them from the Company's general assets, and at most seven days

after the end of the month in which they would have been payable to the employee. 29 C.F.R. § 2510.3-102(a)(1), (b)(1).

32. During the relevant time period, the Fiduciary Defendants were responsible to but failed to remit all employee contributions to the Plan after they could have reasonably segregated the employee contributions from the Company's general assets.

33. By their actions and omissions, Fiduciary Defendants allowed Plan assets to inure to the direct benefit of the Company.

34. Fiduciary Defendants are therefore liable under ERISA § 409(a) for the harms suffered by the Plan and its participants and beneficiaries. 29 U.S.C. § 1109(a).

**SECOND CLAIM FOR RELIEF**
**(Breaches of Fiduciary Duties for Failing to Remit All Employee Contributions)**

35. Pursuant to Rule 10(c) of the Federal Rules of Civil Procedure, the Acting Secretary adopts and incorporates by reference the allegations in all prior paragraphs.

36. As Plan fiduciaries, Fiduciary Defendants had a duty under ERISA §§ 404(a)(1)(A) and (B) to act prudently and loyally in the sole interest of plan participants and beneficiaries. 29 U.S.C. §§ 1104(a)(1)(A) and(B).

37. During the relevant time period, Fiduciary Defendants were responsible to but failed to promptly segregate and remit all employee contributions to the Plan.

38. Instead, Fiduciary Defendants allowed Plan assets to commingle with the Company's general funds, which the Company could access for impermissible purposes such as paying everyday business expenses.

39. Diversion of employee contributions to the Company's general operating account was not in the interest of Plan participants or beneficiaries and, therefore, was imprudent and disloyal.

40. A prudent person acting in a fiduciary capacity in similar circumstances to those faced by Defendants during the relevant time period would promptly segregate and remit all employee contributions to the Plan and monitor accounts and ensure that the Company did not convert Plan assets to its own use.

41. By their actions and omissions, Fiduciary Defendants:

    a. failed to discharge their duties to the Plan solely in the interests of Plan participants and beneficiaries and for the exclusive purpose of providing benefits to participants and their beneficiaries and defraying reasonable Plan administration expenses, in violation of ERISA § 404(a)(1)(A); and,

    b. failed to act with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent person acting in a like capacity and familiar with such matters would use to conduct an enterprise of a like character and with like aims, in violation of ERISA § 404(a)(1)(B), 29 U.S.C.§ 1104(a)(1)(B).

42. Fiduciary Defendants are therefore liable under ERISA § 409(a) for harms suffered by the Plan and its participants and beneficiaries. 29 U.S.C. § 1109(a).

**THIRD CLAIM FOR RELIEF**
**(Breaches of Fiduciary Duties for Failing to Collect and Ensure Employer Matching Contributions were Paid to the Plan)**

43. Pursuant to Rule 10(c) of the Federal Rules of Civil Procedure, the Acting Secretary adopts and incorporates by reference the allegations in all prior paragraphs.

44. As Plan fiduciaries, Fiduciary Defendants had a duty under ERISA §§ 404(a)(1)(A) and(B) to act prudently and loyally in the sole interest of Plan participants and beneficiaries. 29 U.S.C. §§ 1104(a)(1)(A) and(B).

45. From 2016 and on an ongoing basis, the Fiduciary Defendants failed to ensure

that all mandatory employer matching contributions were collected and paid to the Plan.

46. Fiduciary Defendants' failure to ensure that the Plan received the owed employer matching contributions was imprudent and disloyal because it was not in the interest of Plan participants or beneficiaries.

47. A prudent person acting in a fiduciary capacity in similar circumstances to those faced by Fiduciary Defendants during the relevant time period would have taken reasonable steps to enforce the terms of the Plan and ensure that the mandatory employer contributions were collected and paid to the Plan.

48. These efforts to collect and ensure payment to the Plan would not have been futile, as the Company had the ability to make the mandatory employer contributions.

49. By their actions and omissions, Fiduciary Defendants:

    a. failed to discharge their duties to the Plan solely in the interests of Plan participants and beneficiaries and for the exclusive purpose of providing benefits to participants and their beneficiaries and defraying reasonable plan administration expenses, in violation of ERISA § 404(a)(1)(A); and

    b. failed to act with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent person acting in a like capacity and familiar with such matters would use to conduct an enterprise of a like character and with like aims, in violation of ERISA § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B).

50. Fiduciary Defendants are therefore liable under ERISA § 409(a) for the harms suffered by the Plan and its participants and beneficiaries. 29 U.S.C. § 1109(a).

## FOURTH CLAIM FOR RELIEF
### (Prohibited Transactions)

51. Pursuant to Rule 10(c) of the Federal Rules of Civil Procedure, the Acting

Secretary adopts and incorporates by reference the allegations in all prior paragraphs.

52. ERISA § 406(a)(1)(D) prohibits fiduciaries from transferring plan assets to any "party in interest." 29 U.S.C. § 1106(a)(1)(D).

53. The Company, as Plan sponsor and a fiduciary, was a "party in interest" to the Plan. ERISA §§ 3(14)(A) and (C), 29 U.S.C. §§ 1002(14)(A) and (C).

54. During the relevant time period, Fiduciary Defendants were responsible to but failed to segregate and remit all employee contributions to the Plan and allowed the Company to commingle Plan assets with general employer assets.

55. By their actions and omissions, Fiduciary Defendants caused the Plan to enter into transactions that they knew or should have known constituted prohibited transfers of plan assets to a party in interest in violation of ERISA § 404(a)(1)(D), 29 U.S.C. § 1106(a)(1)(D).

56. No exemption exists for these prohibited transactions.

57. Fiduciary Defendants are therefore liable under ERISA § 409(a) for the harms suffered by the Plan and its participants. 29 U.S.C. § 1109(a).

**FIFTH CLAIM FOR RELIEF**
**(Self-Dealing)**

58. Pursuant to Rule 10(c) of the Federal Rules of Civil Procedure, the Acting Secretary adopts and incorporates by reference the allegations in all prior paragraphs.

59. ERISA § 406(b)(1) prohibits Plan fiduciaries, such as Fiduciary Defendants, from dealing with Plan assets in their "own interest" or for their "own account." 29 U.S.C. §1106(b)(1).

60. ERISA § 406(b)(2) prohibits plan fiduciaries, such as Fiduciary Defendants, from acting in any transaction involving the Plan on behalf of a party whose interests are adverse to the interests of the Plan or its participants and beneficiaries. 29 U.S.C. § 1106(b)(2).

61. During the relevant time period, Fiduciary Defendants allowed Plan assets to remain in the Company's general operating account, which benefitted the Company's business interests, and therefore Jones's and Dykstra's personal interests (as co-owners of the Company), at the expense of the Plan and its participants and beneficiaries.

62. By their actions and omissions, Fiduciary Defendants engaged in prohibited self-dealing in violation of ERISA §§ 406(b)(1) and (2), 29 U.S.C. §§ 1106(b)(1) and(2).

63. Fiduciary Defendants are therefore liable under ERISA § 409(a) for the harms suffered by the Plan and its participants and beneficiaries. 29 U.S.C. § 1109(a).

**SIXTH CLAIM FOR RELIEF**
**(Failing to Administer the Plan)**

64. Pursuant to Rule 10(c) of the Federal Rules of Civil Procedure, the Acting Secretary adopts and incorporates by reference the allegations in all prior paragraphs.

65. As Plan fiduciaries, Fiduciary Defendants had a duty under ERISA §§ 404(a)(1)(A) and (B) to act prudently and loyally in the sole interest of Plan participants and beneficiaries. 29 U.S.C. §§ 1104(a)(1)(A) and(B).

66. During the relevant time period, participants made at least one request for Plan distributions, which Fiduciary Defendants did not act upon.

67. A prudent person acting in a fiduciary capacity in similar circumstances to those faced by Fiduciary Defendants during the relevant time period would promptly act to process requests for distributions, such actions being in the interest of the participants.

68. By their actions and omissions, Fiduciary Defendants:

   a. failed to discharge their duties to the Plan solely in the interests of Plan participants and beneficiaries and for the exclusive purpose of providing benefits to participants and their beneficiaries and defraying reasonable plan administration

expenses, in violation of ERISA § 404(a)(1)(A); and

b. failed to act with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent person acting in a like capacity and familiar with such matters would use to conduct an enterprise of a like character and with like aims, in violation of ERISA § 404(a)(1)(B), 29 U.S.C.§ 1104(a)(1)(B).

69. Fiduciary Defendants are therefore liable under ERISA § 409(a) for harms suffered by the Plan and its participants and beneficiaries. 29 U.S.C. § 1109(a).

## SEVENTH CLAIM FOR RELIEF
### (Co-Fiduciary Liability)

70. Pursuant to Rule 10(c) of the Federal Rules of Civil Procedure, the Acting Secretary adopts and incorporates by reference the allegations of all prior paragraphs.

71. Fiduciary Defendants neglected the Plan's interests by failing to make reasonable efforts to protect the Plan from losses despite each knowing that the others had violated their fiduciary responsibility by not timely remitting all employee contributions or employer matches and not processing distribution requests.

72. Fiduciary Defendants are therefore liable as co-fiduciaries under ERISA § 405, 29 U.S.C. § 1105, for the others' breaches alleged in the previous six claims for relief.

## PRAYER FOR RELIEF

WHEREFORE, the Acting Secretary requests that the Court grant the following relief:

1. Ordering Fiduciary Defendants jointly and severally to restore all losses, plus interest and/or lost opportunity earnings, incurred by the Plan as a result of their violations of ERISA;

2. Ordering that any money currently in Fiduciary Defendants' accounts in the Plan be offered to satisfy in part Fiduciary Defendants' obligation to restore the unremitted

contributions;

      3.      Removing Fiduciary Defendants as fiduciaries to the Plan;

      4.      Permanently enjoining Fiduciary Defendants from serving as fiduciaries or service providers to any ERISA-covered plan;

      5.      Appointing an independent fiduciary for the Plan with plenary authority and control over the Plan, including but not limited to the authority to calculate losses, marshal assets on behalf of the Plan, pursue claims on behalf of the Plan, and receive and distribute any restitution paid pursuant to the judgment in this case;

      6.      Ordering Fiduciary Defendants to pay the fees charged and costs incurred by the independent fiduciary or its agents in administering the Plan and its assets;

      7.      Ordering Fiduciary Defendants, as well as their agents, employees, service providers, banks, accountants, and attorneys, to preserve and provide the Acting Secretary all of the books, documents, and records relating to the finances and administration of the Company and the Plan; and

      8.      Granting such other relief as may be equitable, just, and proper.

DATED: January 8, 2024
New York, New York

                              Respectfully submitted,

                              SEEMA NANDA
                              Solicitor of Labor

                              JEFFREY S. ROGOFF
                              Regional Solicitor

                              /s Michael R. Hartman
                              MICHAEL R. HARTMAN
                              Counsel for ERISA
                              Office of the Regional Solicitor
                              201 Varick Street, Room 983
                              New York, NY 10014
                              (646) 264-3673
                              (646) 264-3660 (fax)
                              hartman.michael@dol.gov
                              NY-SOL-ECF@dol.gov