UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND
---------------------------------------------------------------
JULIE A. SU, ACTING SECRETARY OF LABOR,   :
UNITED STATES DEPARTMENT OF LABOR,
                                          :
           Plaintiff,
                                          :
    v.                                        Civil Action No. 1:24-00060-SAG
                                          :

                                          :
JONES DYKSTRA AND ASSOCIATES, INC.;
BRIAN E. DYKSTRA; and the JONES DYKSTRA   :
AND ASSOCIATES, INC. 401(K) PROFIT
SHARING PLAN,                             :

           Defendants.                   :
---------------------------------------------------------------

## [PROPOSED] ORDER AND JUDGMENT

**WHEREAS**, this action was filed by Julie A. Su, Acting Secretary of Labor, U.S. Department of Labor (the "Acting Secretary") pursuant to Title I of the Employee Retirement Income Security Act of 1971 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, and by the authority vested in the Acting Secretary by ERISA § 502(a)(2) & 502(a)(5), 29 U.S.C. § 1132(a)(5) alleging that defendants Jones Dykstra and Associates, Inc. and Brian Dykstra (the "Fiduciary Defendants") had breached their duties to the Jones Dykstra and Associates, Inc. 401(k) Profit Sharing Plan (the "Plan") and its participants and beneficiaries in violation of ERISA; and

**WHEREAS**, this Court has subject matter jurisdiction over this action pursuant to ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1); venue of this action lies in the District of Maryland under ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2); this Court has personal jurisdiction over Defendants for all purposes relevant to this matter including the entry of this Order pursuant to ERISA § 502(d)(1), 29 U.S.C. § 1132(d)(1);

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:**

1. The Acting Secretary's motion for default judgment is hereby granted and judgment is entered in favor of the Secretary against the Fiduciary Defendants.

2. The Fiduciary Defendants are removed from their roles as fiduciaries to Plan and permanently enjoined from serving or acting as fiduciaries to any employee benefit plan subject to Title I of ERISA.

3. The Fiduciary Defendants are held jointly and severally liable to the Plan in the total amount of $45,639.96, which the Fiduciary Defendants shall repay in full to the Plan within 30 calendar days of this Order. These debts are deemed the result of defalcation while acting in a fiduciary capacity, and they shall not be dischargeable.

4. AMI Benefit Plan Administrators, Inc. (the "Independent Fiduciary") is appointed as independent fiduciary of the Plan and shall have the exclusive authority to exercise all powers previously exercised or held by the Fiduciary Defendants with respect to the Plan, including but not limited to full authority and control with respect to the management or disposition of the assets of the Plan.

5. The Fiduciary Defendants shall cooperate fully with the Independent Fiduciary in the performance of the Independent Fiduciary's duties and responsibilities, and shall require that all employees, attorneys, agents, advisers, and representatives, as a condition of maintaining their relationships with the Fiduciary Defendants to cooperate fully with the Independent Fiduciary in the performance of the Independent Fiduciary's duties and responsibilities.

6. The Independent Fiduciary shall be free to consult with the Acting Secretary, the Internal Revenue Service, other federal, state, and local governmental agencies, and any other person or entity that the Independent Fiduciary believes appropriate in the conduct of the

Independent Fiduciary's duties, including attorneys, accountants, actuaries, and other service providers.

7. The Independent Fiduciary shall be entitled to receive fees and expenses reasonably and necessarily incurred in administrating and terminating the Plan, not to exceed $2,250. Should the scope of the Independent Fiduciary's work change, the Independent Fiduciary may petition the court to increase this amount.

8. The Fiduciary Defendants shall be responsible paying the reasonable fees and expenses of the Independent Fiduciary.

9. The Plan is deemed amended to permit offset of the Fiduciary Defendants' accounts. Should the Fiduciary Defendants fail to comply with the payment obligations above, the Independent Fiduciary may at its discretion offset the Fiduciary Defendants' individual Plan account to satisfy legitimate claims on the Plan by its participants and beneficiaries and the Independent Fiduciary's fees, and the Plan's administrative costs.

10. On a quarterly basis, the Independent Fiduciary shall provide the Acting Secretary and the Fiduciary Defendants with a report of all significant actions taken and all funds expended.

11. This Order shall operate as a full, final, and complete judicial resolution and disposition of all claims asserted in the Complaint by the Acting Secretary against Defendants.

12. This matter is deemed closed; however, the Independent Fiduciary may apply to the Court for clarification of this Order or enforcement of this Order's terms.

**SO ORDERED.**

DATED: May 17, 2024            /s/ Stephanie A. Gallagher
                               United States District Judge